UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID M. SHIPP,<br><br>                    Plaintiff,<br><br>          -against-<br><br>XAVIER BECERRA,<br><br>                    Defendant. | 24-CV-8094 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION, SIGNATURE, AND ADDRESS |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. As set forth below, the Court directs Plaintiff, within 30 days, to: (1) pay the $405.00 in fees necessary to initiate this action or submit an application to proceed *in forma pauperis* ("IFP"); (2) sign and submit the attached "Plaintiff's Certification and Warnings"; and (3) provide the court with his mailing address or consent to receive electronic service of court documents and provide an email address.

## DISCUSSION

**A.    Fees**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted the complaint without the filing fees or an IFP application. Within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 24-CV-8094 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

**B.    Signature**

The complaint that Plaintiff submitted is unsigned. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").[1]

Plaintiff is directed to sign and submit the attached "Plaintiff's Certification and Warnings" within 30 days of the date of this order. If Plaintiff returns the signed document by mail or in person, it must have a handwritten signature that complies with Rule 11(a). If Plaintiff submits the document by email, to ProSe@nysd.uscourts.gov, Plaintiff may use instead an electronic signature or a typed name with /s/ ("/s/ David M. Shipp") on the signature line. The signed document must be labeled with the docket number 24-CV-8094 (LTS).[2]

**C.    Address**

Plaintiff also did not provide his mailing address or consent to accept electronic service of documents. The Court directs Plaintiff, within 30 days of the date of this order, to provide his mailing address for service of documents or submit a consent to accept electronic service. A consent to electronic service form is attached to this order.

---

[1] Although a "typed name" does not satisfy Rule 11(a)'s signature requirement, the Supreme Court affirmed the right of courts "by local rule [to] permit papers to be filed, signed, or verified by electronic means." *Becker,* 532 U.S. at 764. Under this court's local rules, where a document is filed in accordance with the SDNY Electronic Case Filing ("ECF") Rules & Instructions ("ECF Rules"), the filing complies with the local rules. *See* Local Civil Rule 5.2. Rule 1.1 and Appendix C of the ECF Rules authorize self-represented parties to sign documents submitted to the court by email using an electronic signature or typed name with /s.

[2] For registered ECF filers, "[t]he user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court." Rule 8.1 of the ECF Rules. Self-represented litigants must request permission to register for ECF by filing a Motion for Permission for Electronic Case Filing.

## CONCLUSION

The Court directs Plaintiff, within 30 days of the date of this order, to: (1) pay the $405.00 in fees necessary to initiate this action or submit an application to proceed IFP; (2) sign and submit the attached "Plaintiff's Certification and Warnings"; and (3) provide the court with his mailing address or consent to receive electronic service of court documents and provide an email address.

No summons or answer shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Clerk of Court is directed to provide a copy of this order and the attachments to Plaintiff should he appear at the court's Pro Se Intake window.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 1, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[3] Because Plaintiff does not provide a mailing address or email address, the Clerk of Court is unable to mail a copy of this order to Plaintiff.